IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY L. LETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:19cv518-MHT |
| | ) | (WO) |
| KAY IVEY, Governor, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

This case is before the court on plaintiff Jerry L. Lett's motion to vacate the opinion and judgment previously entered in this case. For the reasons explained below, the motion will be granted.

This court recently adopted the magistrate judge's recommendation to dismiss Lett's suit without prejudice because he "failed to provide the court with a usable address." Opinion (doc. no. 9). This was in error. Lett did indeed inform this court when filing his complaint that he was incarcerated at Ventress Correctional Facility, and the envelope in which his

complaint was mailed to the court had a usable return address. *See* Complaint (doc. no. 1) at 2 & 6.

In general, when the clerk of the court dockets an inmate's complaint, the case management system allows the clerk to select the particular Alabama prison facility from an electronic address book, ensuring that the court uses the most recent address for each facility and allowing the court to update that address over time. The mailing address for Ventress Correctional Facility has, in fact, changed over time, from a P.O. Box to a street address.[1]

In this case, because Lett had previously filed a lawsuit in 2014 while at Ventress Correctional Facility, *see Lett v. Thomas et al.*, case number 2:14-cv-00496-WHA, his contact information was already stored in the electronic address book. However, that address had been manually typed in using the

---

1. The mailing address used to be P.O. Box 767, Clayton, Alabama 36016. The mailing address is now 379 Alabama Hwy 239 North, Clayton, Alabama 36016.

then-accurate but now-inaccurate P.O. Box address. Thus, when the clerk of the court updated the address for Ventress Correctional Facility throughout the case management system, the change was not reflected in plaintiff's personal contact information in the system.[2] As a result, mail from this court, including multiple court orders and the recommendation of the magistrate judge that this case be dismissed without prejudice for Lett's "failure to provide the court with an address

---

2. Lett explains that he was one of approximately ten other inmates at Ventress Correctional Facility who filed the same, verbatim one-page complaint. *See Motion to Vacate* (doc. no. 11) at 1. For example, Danny Foster, Sr., another inmate, filed the same complaint, on the same day. *See Foster v. Ivey et al.*, case number 2:19-cv-00522-WKW. Lett, like Foster, identified himself as an inmate at Ventress, and their shared envelope included the correct return address for the facility. *See* Complaint (doc. no. 1) at 6. The stored, stale address for Lett appears to explain why his mail from the court was returned repeatedly as undeliverable, while, for example, Foster's was not.

3

where he may be served," were returned to the court as undeliverable.[3]

The clerk of the court is now aware of this discrepancy and has updated Lett's address.

***

Accordingly, it is ORDERED that:

(1) Plaintiff Jerry L. Lett's motion to vacate the opinion and judgment (doc. no. 11) is granted.

(2) The opinion and judgment (doc. nos. 9 & 10) are vacated.

(3) The clerk of court shall re-mail to plaintiff Lett, at the corrected address, all orders and other court documents that were previously returned as undeliverable, so that plaintiff Lett has a full record of what has transpired in the case.

---

3. It is true that Lett appears to have obtained this court's order dismissing the case without prejudice. It is not clear how the court order was successfully delivered, given the stale address and pattern of undeliverable mail. Nonetheless, it does not alter the resolution of the present motion.

This case is referred back to the United States Magistrate Judge for further proceedings.

DONE, this the 31st day of October, 2019.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE