IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERRY LAMAR LETT, #290614, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:19-CV-518-MHT |
| | ) |
| KAY IVEY, et al., | ) |
| | ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.   INTRODUCTION

Jerry Lamar Lett, an indigent state inmate proceeding *pro se*, filed this cause of action challenging conditions at Ventress Correctional Facility. This case is now before the court on the amended complaint filed by Lett on December 6, 2019 (Doc. 17). In the amended complaint, Lett requests class certification of this case on behalf of inmates confined at Ventress. Doc. 17 at 6. The court therefore construes the amended complaint to contain a motion for class certification under Rule 23, *Federal Rules of Civil Procedure*.

### II.   DISCUSSION

Lett is a a *pro se* inmate unschooled in the law who seeks to represent the interests of inmates currently incarcerated at Ventress. Among the requirements which litigants must meet in order to maintain an action as a class action is that the "representative parties

1

will fairly and adequately protect the interests of the class." Rule 23(a)(4), *Federal Rules of Civil Procedure*. While a *pro se* inmate may "plead and conduct" his own claims in federal court, 28 U.S.C. § 1634, he has no concomitant right to litigate the claims of other individuals. *Johnson v. Brown*, 581 Fed. Appx. 777, 781 (11th Cir. 2014) ("[T]he district court did not abuse its discretion when it denied [the inmate plaintiff's] motion for class certification. . . . As a *pro se* litigant, [the plaintiff] cannot bring an action on behalf of his fellow . . . inmates. *See Timson [v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008)] (explaining that 28 U.S.C. § 1654, the provision permitting parties to proceed *pro se*, provides 'a personal right that does not extend to the representation of the interests of others'); *Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972) (concluding that a *pro se* inmate could not bring a petition for equitable relief on behalf of his fellow inmates)."). Moreover, it is clear that the competence of a layman is "clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). In addition, the court finds that the prosecution of separate civil actions will not create a risk of inconsistent or varying adjudications with respect to any general claims for relief. Rule 23(b)(1)(A), *Federal Rules of Civil Procedure*. Finally, the questions of fact common to the proposed class members do not predominate over the questions of fact relevant to the claims of projected individual inmates. Rule 23(b)(3), *Federal Rules of Civil Procedure*; *see also Inmates, Washington County Jail v. England*, 516 F.Supp. 132 at 144 (E.D. Tenn. 1980), *affirmed*, 659 F.2d 1081 (6th Cir. 1981) (denying *pro se* plaintiffs'

2

request to certify case as a class action because "any declaratory relief granted . . . would likely inure to the benefit of other similarly-situated individuals" even absent granting the request for class certification).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.   The plaintiff's motion to certify this case as a class action be DENIED.

2.   This case, with respect to the claims presented by Lett in the amended complaint as to the alleged violations of his constitutional rights, be referred back to the undersigned for appropriate proceedings.

On or before **December 26, 2019**, the parties may file objections to this Recommendation.  The parties must specifically identify the factual findings and legal conclusions contained in the Recommendation to which his objection is made.   Frivolous, conclusive, or general objections will not be considered by the court.  Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object

3

to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 11th day of December, 2019.

                                  /s/   Charles S. Coody
                              UNITED STATES MAGISTRATE JUDGE